## REEVES v STATE

Ohio Appeals, 4th Dist, Athens Co

Decided Oct. 9, 1929

Messrs. Woolley & Rowland, Athens, for Reeves.

Mr. R. D. Williams, Prosecuting Attorney, Athens, for State.

MAUCK, J.

The offense charged was that the act complained of occurred on August 22, 1928, and the evidence shows that if committed at all it was committed at that time. The prosecuting witness, a child under the age of sixteen, was pregnant at the time of the trial on May 29, 1929, and until after the record in this case was made up. It is agreed that the pregnancy was not

the result of the rape claimed to have been consummated by the defendant on August 22. Considering the condition of the prosecuting witness and the sympathy likely to be engendered thereby the defendant vigorously protested against going to trial at the time he did and now assigns as an error that he was forced to trial under these circumstances.. We find no error in this respect. It may have been a misfortune for the accused but the processes of the criminal law ought not be halted because an incident of this character might possibly result in a disadvantage to the accused.

Further complaint is made about a sentence in the general charge of the court near the bottom of page 161. We are inclined to the view that the only trouble with the sentence complained of is that the word not is used twice where it should have been used but once. The general charge was so clear, however, upon the point involved in this sentence that no prejudice resulted to the accused. It was fairly clear that the sentence referred to, together with the context, charged that the first count of the indictment, that is the count charging rape with force, included three other crimes, to wit: assault with intent, assault and battery, and assault, and that the defendant might be found guilty of any of these.

The defendant requested that the instruction be supplemented by charging that the jury might find a verdict of assault and battery or assault under the second count of the indictment as well as under the first. This the court refused to give, and this was error. **Snyder v. State, 92 OS. 167.** In giving an instruction relating to included crimes the court is bound to consider the record for the purpose of ascertaining whether a verdict for a lessor offense might be warranted by the evidence. In the instant case the trial court was evidently of the view that a verdict for a lessor offense might be returned under the first count of the indictment, and it is impossible to see why if such a verdict were good under the one count a like verdict would not be good under the other count. In this case the prosecuting witness was practically the only witness for the state. She is a girl of very weak mentality or without any moral sense at all.. The jury must have known that she was capable of lying and had lied outrageously in this case either against Reeves or against other parties who had been involved in the trouble. The jury might have been willing to have believed a part of her story without believeing it all. Indeed the record shows that the jury did actually believe a part of her story and found that in part her testimony was untrue. If the jury had taken the testimony of the prosecuting witness as entirely true it would have found the accused guilty of rape by violence. It seems to follow that as the jury rejected part of the prosecuting witness' testimony under an instruction that properly permitted them so to do it might have rejected

still more of it and have found that penetration did not ensue and that the accused was guilty of some lesser offense than rape by consent if the instruction authorized by the Snyder case had been given. While we do not disturb the verdict upon the ground that it was opposed by the weight of the evidence we feel such doubt in the case that we are constrained to the view that the accused ought to have had the benefit of every avenue open to him under the law, and that includes a charge for the lesser grades of crime embraced in the charge of rape.

For failure to so charge as requested the judgment is reversed and the case remanded for a new trial.

Middelton, PJ, concurs. Blosser, J, not sitting.